**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **JOSEPH FOX** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00839** |
| | ) | |
| **DARREN HALL** | ) | |

**TO: Honorable Waverly D. Crenshaw, Jr., United States District Judge**

# R E P O R T  A N D  R E C O M M E N D A T I O N

The above captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241 has been referred to the Magistrate Judge for further proceedings. *See* Order entered June 1, 2026 (Docket Entry No. 18).

Pending before the Court is Respondent's motion to dismiss (Docket Entry No. 6), to which Petitioner has responded in opposition. For the reasons set out below, the undersigned respectfully recommends the petition for relief under Section 2241 be **DENIED**.

## I. BACKGROUND

On July 24, 2025, Joseph Fox ("Petitioner") filed the instant *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Docket Entry No. 1. At the time of filing, Petition was held as a pretrial detainee within the Davidson County Sheriff's Department and he named Davidson County Sheriff Darren Hall as his custodian and the respondent.

The *pro se* petition does not contain a clear summary of the factual background. However, the following facts are apparent to the Court from review of the record in the case. Petitioner was arrested in April 2020 and indicted on three charges of aggravated sexual battery for crimes alleged to have been committed against his minor daughter and in the presence of his minor son. Although the crimes were alleged to have occurred between May 2008 and August

2009, the incriminating allegations against Petitioner were not made until sometime in the mid-2010s and he was not charged until April 2020.

Petitioner was held as a pretrial detainee after his arrest, apparently unable to meet the bond required for pretrial release, and his subsequent motions to reduce his bond were denied by the Davidson County Criminal Court in February 2021 and April 2022. Plaintiff appears to have replaced his original counsel at some point, and a trial on the charges was held in October 2024, resulting in a mistrial after the jury was unable to reach a verdict.

In May 2025, Plaintiff's then trial attorney filed a renewed motion to reduce bond, but the attorney was suspended from the practice of law in September 2025, and the trial court was unable to find replacement appointed counsel until March 25, 2026. On May 6, 2026, the trial court granted the motion to reduce bond, after considering the state's failure to obtain a conviction at the first trial and the questionable likelihood of conviction at a second trial. The trial court ordered Petitioner to be released on his own recognizance subject to limited conditions and supervision. Petitioner was then released from pretrial detention. It is not clear from the record when a retrial in the case is scheduled.[1]

Petitioner raises three grounds for habeas corpus relief. Ground One is based upon allegations of ineffective assistance of counsel. Petitioner alleges that his trial counsel's conduct violated the Tennessee Supreme Court Rules of Profession Conduct and that he committed ethical violations. *Id*. at 6. He alleges that trial counsel's

> failure to file timely or any pretrial and posttrial motions is causing me the loss of my federal constitutional rights, any available remedies, and the loss of any

[1] In filling in the gaps and determining the background facts of the case, the Court relies in large part on the May 6, 2026, order from the Davidson County Criminal Court that Respondent attached to his most recent filing. *See* Docket Entry No. 20-1.

> judicial proceedings to address this matter. It is this type of conduct that substantially prejudiced the fairness of the entire case. It is very clear that my counsel and I have a conflict of interest

*Id*. at 7. Ground Two is based upon allegations that his Due Process rights have been violated because

> [t]he State was made aware of a false allegation in 2014. Upon the conclusion of the investigation, the investigators reported that the alleged offense occurred in 2007 or 2008. At the first jury trial, testimony from the accuser stated that the alleged offense occurred in 2006. This testimony puts the alleged offense past the statute of limitations and outside the scope of the indictment. The second trial is set to commence in 2026. That is twenty (20) years from the alleged offense to the commencement of trial, and twelve (12) years of pretrial delay by the state.

*Id*. at 7. Ground Three asserts a violation of his speedy trial rights because

> [t]he indictment and arrest warrant was issued in 2020. I was arrested in April of 2020. I'm still incarcerated in the Davidson County Jail. Trial is set to commence for the fourth time in February 2026. That is six (6) years of confinement and commenced (sic) prosecution.

*Id*. The only request for relief made by Petitioner is to "dismiss the indictment." *Id*. at 8.

Petitioner asserts that he has presented these issues to the state trial court and to the Tennessee Supreme Court through *pro se* motions but that he has not been provided with relief. *Id*. at 6. Attached to the petition are copies of his *pro se* motions, as well as copies of communications between Plaintiff and his former defense counsel who was suspended from practicing law, and copies of complaints Petitioner made to the Tennessee Board of Professional Responsibility about his counsel. *See* Docket Entry No. 1-1.

After being ordered to respond to the petition, Respondent filed the pending motion to dismiss on September 2, 2025. *See* Docket Entry No. 6. Respondent raises two arguments. First, Respondent contends that Petitioner has not exhausted his state court remedies because there is no indication that he pursued an appeal to the Tennessee Court of Criminal Appeals from

any decision by the trial court and because the motion filed with the Tennessee Supreme Court was summarily dismissed as procedurally improper. Respondent attaches to the response a copy of an order from the Tennessee Supreme Court, entered July 9, 2025, that denied Petitioner's *pro se* "motion to exhaust state remedies" because the court had no jurisdiction to rule on trial court motions in the first instance and because Petitioner was represented by counsel and could not simultaneously proceed *pro se*. *See* Docket Entry No. 6-1. Respondent's second dismissal argument is that the Court should apply the *Younger* abstention doctrine and abstain from considering the issues raised in the petition because of the need to not interfere with the pending state court criminal proceedings.

Petitioner responds to the motion by essentially arguing that Respondent's arguments should be discounted and that he should be granted habeas relief because of the extraordinary circumstances of his case. *See* Response (Docket Entry No. 10). He argues that his trial counsel's failure to file motions about violations of Petitioner's Due Process and speedy trial rights and the trial court's failure to address Petitioner's *pro se* motions has made any state court remedies effectively unavailable to him. He further contends that it is fundamentally unfair for him to face a retrial given his counsel's ineffectiveness, given the length of time between the alleged crime and any retrial, and given that the charges against him were investigated in 2014 but prosecutors declined to prosecute him on three occasions prior to the charges being brought in 2020, which he contends shows bad faith in the current prosecution against him. In light of these extraordinary facts, he contends that the Court should not abstain from ruling on his petition.

In a reply, Respondent argues that nothing raised by Petitioner in his response is sufficient to show that state appellate remedies are unavailable to him to raise his claims or to show the type of extraordinary circumstance that warrants rejection of *Younger* abstention. *See* Reply (Docket Entry No. 11). Respondent points out that, despite Petitioner's allegations against his trial attorney, Petitioner has not shown that he moved the trial court to remove his counsel so that Petitioner could represent himself and he has also not shown that any steps were taken to present his claims to the intermediate state appellate court. In a sur-reply, Petitioner contends that it is undisputed that his trial counsel was derelict in pursuing the Due Process and speedy trial issues and that it is further undisputed that counsel was ultimately suspended from the practice of law in the fall of 2025 while Petitioner's criminal proceedings were still ongoing. Petitioner contends that he has done everything possible to bring his claims to the attention of the state courts and that he faces substantial prejudice and unfairness if a second trial takes place. *See* Sur-reply (Docket Entry No. 15).

Because the latest substantive filing from the parties occurred on November 10, 2025, when Petitioner filed his sur-reply and because the parties' filings indicated that a retrial of the charges was scheduled to occur in February 2026, the Court ordered supplemental briefing from the parties to address: (1) the current status of the criminal proceedings and whether Petitioner remains in custody; (2) whether the arguments set out in support of the motion to dismiss remain pertinent; and, (3) whether, depending on the outcome of the criminal proceedings, the matter has become moot. *See* Order entered July 9, 2026 (Docket Entry No. 19).

Respondent filed a supplemental brief on June 15, 2026, stating that Petitioner's criminal matter remains pending but that Petitioner was released on his own recognizance pursuant to an

order entered on May 6, 2026, by the state trial court and that he is no longer held within the custody of the Davidson County Sheriff's Office. *See* Docket Entry No. 20. Respondent then goes on to argue that

> [t]herefore, 28 U.S.C. § 2241 does not apply (nor does any other statute governing writs of habeas corpus), and Petitioner no longer requires the relief he requested in his Petition, i.e., release from DCSO custody. Therefore, this Court should dismiss the petition as moot.

*Id*. at 2. Although the Court provided Petitioner with fourteen days to file a reply to the supplemental brief from Respondent, he has not filed a reply.[2]

**II. ANALYSIS**

The Court is not unsympathetic to the situation in which Petitioner finds himself given the length of his pretrial detention and the facts that his first trial resulted in a mistrial and that one of his criminal defense attorneys was suspended from the practice of law during the time that the attorney represented Petitioner. Nonetheless, federal courts generally "hold no supervisory authority over state judicial proceedings," *Smith v. Phillips*, 455 U.S. 209, 221 (1982), and the circumstances warranting habeas corpus relief for a pretrial detainee that would result in federal intervention into an ongoing state criminal proceeding have been said to be "rare" and "extraordinary." *See Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); *Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979); *Montgomery v. Hall*, No. 3:21-CV-00701, 2022 WL 2721056, at *1 (M.D. Tenn. June 6, 2022). After review of the entire record in this case, the

[2] Although Petitioner filed a change of address notice on May 29, 2026 (Docket Entry No. 17), that provided a non-institutional mailing address, court mail that was recently sent to Petitioner at this address was returned as undeliverable. *See* Docket Entry No. 21. The June 9, 2026, Order that was mailed to Petitioner at the address he provided has not been returned to the Court as undeliverable. However, it is not clear that Petitioner received the Order given that it was sent to the same address as the mail that was returned as undeliverable. *See* Docket Entry No. 21.

Court finds that Petitioner is not entitled to habeas corpus relief under Section 2241 and that the petition should be denied.

Petitioner challenges the legality of his pretrial detention under 28 U.S.C. § 2241, which authorizes the Court to entertain a habeas application from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because relief under Section 2241 is not directed at custody as the result of a criminal conviction, pretrial detainees may pursue relief under Section 2241 to challenge a state prosecution prior to a conviction. *Christian*, 739 F.3d at 297; *Phillips v. Court of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012).

As threshold matters, Petitioner must be "in custody" for the purposes of habeas relief and must name a proper respondent. *See* 28 U.S.C. § 2242. Respondent contends that the petition has become moot because Petitioner was recently released from pretrial detention on his own recognizance and cannot be granted his release as a remedy. *See* Supplemental Brief at 2. This argument has merit only to the extent that, because the state court directed that Petitioner's supervision while on release shall be by a Davidson County Criminal Court Bond Supervisor, *see* Docket Entry No. 20-1, Darron Hall is no longer the "person who has custody over" Petitioner, as required by Section 2242. Although Hall should be terminated as the named respondent, the petition itself has not become moot. Habeas corpus relief is not restricted to cases in which the petitioner is in actual, physical custody, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300 (1984), and a petitioner who is released on personal recognizance but nonetheless has restrictions on his liberty is deemed to be "in custody" for purposes of section 2241. *Hensley v. Mun. Court*, 411 U.S. 345, 353 (1973). Because Petitioner's liberty remains

restricted by virtue of the release conditions that have been imposed upon him by the state court, he remains "in custody" and his Section 2241 petition has not become moot.[3]

Nonetheless, Petitioner's ability to obtain habeas relief under Section 2241 is limited. Federal courts should generally abstain from interfering with pending state criminal prosecutions absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981); *Hessmer v. Bryan*, 2022 WL 17543340, at *2 (M.D.Tenn. Dec. 8, 2022). The limitation imposed on pretrial habeas relief recognizes the "longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *See Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017) ("*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity."). Indeed, *Younger* abstention has been noted by the Sixth Circuit to be "a near-absolute restraint rule when there are pending state criminal proceedings." *Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980).

The Sixth Circuit has specifically recognized four exceptions to the abstention doctrine that permit a federal court to consider the merits of a pretrial habeas petition brought under Section 2241: (1) the petitioner seeks a speedy trial; (2) the petitioner seeks to avoid a second trial on double jeopardy grounds; (3) the petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial; and, (4) the petitioner claims that his

[3] Were this matter to proceed, Petitioner would be required to amend his petition to name the proper respondent. However, given the Court's determination that relief under Section 2241 is not warranted, the Court sees no reason to deny the motion to dismiss on a procedural ground and require a motion to amend, further delaying resolution of claims that are fully briefed and before the Court.

federal constitutional rights are violated by the imposition of excessive bail or the denial of bail. *Folley v. Banks*, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020); *Atkins*, 644 F.2d at 549.

Of the three grounds for relief raised by Petitioner, only his assertion of a speedy trial claim falls within one of these exceptions. *Folley*, *supra*; *Atkins*, 644 F.2d at 546-47. However, Petitioner does not actually seek enforcement of the State's duty to provide him with a speedy trial, and he does not request an order requiring him to be promptly retried. Rather, he seeks only the dismissal of the indictment that was brought against him. The Sixth Circuit has stated that relief in the form of the dismissal of criminal charges is not an appropriate remedy for a speedy trial claim brought under Section 2241. See *Folley*, 2020 WL 9813535 at *2; *Atkins v. Michigan*, 644 F.2d at 546-48. *See Taylor v. Hall*, No. 3:25-CV-00659, 2026 WL 699711, at *1 (M.D. Tenn. Mar. 12, 2026) (Campbell, J.); *Montgomery*, 2022 WL 2721056, at *2. Accordingly, this claim, even if it were fully exhausted in the state courts and were further found to have merit, would not provide a basis for the habeas corpus relief sought by Petitioner.

Petitioner's remaining two claims, a claim of ineffective assistance of defense counsel prior to trial and a claim of Due Process violations, are not the type of claims that are excepted from abstention. Although Petitioner's argument that he faces substantial prejudice to the fairness of any retrial because of Due Process violations and because of alleged ineffective assistance of his defense counsel is couched in the language of the third exception to the abstention doctrine, the claims simply do not fall under this exception. This exception is a limited one and has been recognized to arise only when a conviction after a trial is overturned and the petitioner then makes a habeas claim that a retrial is constitutionally impermissible because counsel advised against accepting a plea offer prior to original trial and because the

same plea is not again offered due to alleged prosecutorial vindictiveness. *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), vacated on other grounds, 492 U.S. 902 (1989). *See Burley v. State of Tennessee*, No. 3:22-CV-00679, 2022 WL 16825175, at *2 (M.D. Tenn. Nov. 8, 2022) (Trauger, J.) (noting the exception as a claim "to bar a state's attempted retrial rather than permitting a defendant to accept an initial plea offer originally rejected because of ineffective assistance of counsel.") (quoting *Fleming v. Hamilton Cnty. Just. Ctr.*, 2020 WL 1872351, at *3 (S.D. Ohio Apr. 15, 2020)).

Section 2241 claims that do not fall within the recognized exceptions to *Younger* abstention should not be reviewed in a pretrial petition for relief under Section 2241. *See Burley*, 2022 WL 16825175, at *3-4 (finding that Section 2241 claims brought by a pretrial detainee facing a retrial were not suitable for consideration because they were not among the recognized exceptions to the abstention doctrine). Thus, the Court should abstain from hearing Plaintiff's ineffective assistance of counsel and Due Process claims within the context of the instant petition. *See Olivier v. Tennessee*, No. 3:17-CV-00830, 2017 WL 2376945, at *2 (M.D. Tenn. June 1, 2017) (finding that abstention applied to a Section 2241 petitioner's constitutional claims that were brought before conviction because of "Tennessee's important interest in adjudicating alleged criminal conduct" and because the petitioner "has not alleged any extraordinary circumstances warranting this Court's intervention before allowing time for him to present his constitutional claims to Tennessee courts during the normal course of his criminal case.").

As this Court has specifically found in prior cases, Due Process and ineffective assistance of counsel claims fall within the rule that federal courts generally abstain from intervening in pending state criminal proceedings because those issues and claims may be resolved either by

trial on the merits in the state courts or by other state procedures available to the petitioner, such as a direct appeal after conviction or post-conviction proceedings. *Greene v. Tennessee*, No. 3:24-CV-01153, 2025 WL 2044184, at *3 (M.D. Tenn. July 21, 2025) (Campbell, J.) (summarily dismissing pretrial due process and ineffective assistance of defense counsel on abstention grounds given the ongoing state criminal proceedings); *Taylor v. Hall*, No. 3:22-CV-00616, 2022 WL 6225465, at *2 (M.D. Tenn. Oct. 7, 2022) (Campbell, J.) ("As to both Petitioner's due process claim and his ineffective-assistance claim, moreover, a Section 2241 habeas petition is not the proper vehicle to consider these claims."); *MPawinayo v. Hall*, No. 3:20-cv-01097, 2021 WL 1984944, at *2, n.1. (M.D. Tenn. May 18, 2021) (Trauger, J,.) (finding that while speedy trial claim is subject to review under Section 2241, pretrial detainee's claims of ineffective assistance and of "prosecution by valid indictment or presentment" were not exceptions to the rule of abstention from interference with state criminal proceedings). Petitioner fails to present any basis that warrants the Court diverting from the conclusions of these reasoned decisions and not following the well-settled principle of abstaining from interfering with ongoing state criminal proceedings. By his request for federal habeas relief as to these two claims, Petitioner essentially seeks to bypass the state criminal proceedings before they are completed. This is exactly the situation to which *Younger* abstention applies.

In his response to the motion to dismiss, Petitioner argues that abstention should not apply because the prosecution of the criminal charges against him is an act of prosecutorial bad faith and because there is an extraordinarily pressing need for immediate federal relief due to prejudice he would face upon a retrial. *See* Response at 3-4. He further points out that permitting the State to retry him a second time would be unfair given that the State had a full

opportunity to convict him at the first trial but was unable to present sufficient evidence to convict him. *See* Sur-reply at 3.

The Court does not agree. Petitioner's arguments touch upon exceptions to *Younger* abstention that are not specifically linked to requests for relief under Section 2241 and that arise: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); and, (2) where there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have generally been interpreted narrowly by the Supreme Court and the Sixth Circuit. *See Gorenc v. City of Westland*, 72 F.App'x 336, 338–39 (6th Cir. 2003); *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). Petitioner bears the burden of demonstrating the existence of these exceptions. *See Squire v. Coughlan*, 469 F.3d 551, 552 (6th Cir. 2006) (citation omitted).

Petitioner has not met this difficult burden. The bad faith/harassment exception is "extremely narrow" and is rarely shown. *See Doe v. Lee*, No. 3:21-CV-00809, 2022 WL 1164228, at *8 (M.D. Tenn. Apr. 19, 2022) (Richardson, J.); *Watkins v. Ohio Dep't of Educ.*, 2022 WL 672565, at *7 (S.D. Ohio Mar. 7, 2022). To show such an exception generally requires evidence of proven harassment and/or repeated prosecutions undertaken with no intention of following through with the prosecutions or obtaining convictions. *See Lloyd v. Doherty*, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018). Further, relief under this exception is particularly rare where a petitioner, such as the instant Petitioner, has failed to first avail himself of the state appellate process before seeking relief in federal court. *Tindall v. Wayne Cty. Friend of the Ct.*,

269 F.3d 533, 539 (6th Cir. 2001); *Dotson v. Pounds*, No. 3:23-CV-00099, 2024 WL 1313883, at *5 (M.D. Tenn. Mar. 27, 2024) (Campbell, J.).

The events presented to the Court by Petitioner simply fail to support a finding that this exception applies. The mere fact that Petitioner faces the prospect of being tried a second time after a mistrial does not evidence bad faith or vindictiveness on the part of the State. Additionally, the mere delay in bringing criminal charges after an alleged crime, even if a lengthy delay, does not violate due process or evidence bad faith. *See Wolfe v. Bock*, 253 F.App'x 526, 531 (6th Cir. 2007) (a 15 year delay between murder and indictment did not, by itself, violated Due Process rights of habeas petitioner). As for the "extraordinarily pressing need for immediate federal equitable relief" exception, Petitioner fails to present an actual legal argument supporting this exception.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the Petition for Habeas Corpus Relief be **DENIED** and that this case be **DISMISSED**. Given the recommendation for dismissal of the petition, the motion to dismiss (Docket Entry No. 6) is moot.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Three (3) additional days are added to this time for service by mail. *See* Rule 6(d) of the Federal Rules of Civil Procedure. Service is complete upon mailing. *See* Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. Failure to

file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge